DELAWARE, L. & W. R. CO. v. CONSALVO et al..

(Circuit Court of Appeals, Third Circuit. April 16, 1917.)

No. 2221.

APPEAL AND ERROR ☞930(1)—VERDICT—ASSUMPTIONS.

Where, in a passenger's action for injuries, the position of each party as to the manner in which the accident occurred was supported by direct and positive testimony, and this question was settled by the verdict in favor of plaintiffs, it would be assumed that the accident happened as claimed by plaintiffs.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3755, 3756, 3758.]

In Error to the District Court of the United States for the District of New Jersey; Thos. G. Haight, Judge.

Action by Marianna Consalvo and others against the Delaware, Lackawanna & Western Railroad Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Frederic B. Scott, of New York City, for plaintiff in error.
Wilbur A. Heisley, of Newark, N. J., for defendants in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. About half past 9 o'clock on the evening of Sunday, August 9, 1914, the plaintiffs—Marianna Consalvo and her husband in her right—with several friends were approaching their destination at Morristown, N. J., on a passenger train of the defendant company. They were in the second coach, and retained their seats until the station was announced. The events from this point of time are in dispute. The railroad's account is that while the train was at the station a number of persons, including the friends of the plaintiffs, alighted safely and without hurry, and other persons entered the car. A reasonable and sufficient time having been given for arriving and departing passengers, the train started; but the plaintiffs had unduly delayed, and did not reach the front door of the coach until after the train had begun to move. Nevertheless they went out upon the platform, and the wife descended its steps, while her husband went down the steps leading from the rear platform of the first coach. Becoming alarmed, however, the husband and one of her friends warned Marianna not to get off, but to go on to the next station, whereupon she turned to ascend the steps, lost her balance, was dragged some distance, and finally fell from the train and was severely injured. The railroad's contention is that she was not directed or invited by any one to get off at the time she made the attempt, and was not called upon to decide quickly between impending dangers, but was merely in the situation of a passenger who has voluntarily gone upon the platform of a moving train and is trying to alight, in order to avoid the inconvenience of being carried a few miles further. This

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

being so, she was guilty of contributory negligence, both at common law and especially under section 39 of the New Jersey Act of 1903 (P. L. p. 666).

The plaintiffs' evidence tended to prove that, when the train stopped at Morristown, they and their friends walked down the aisle while the train was at rest, their friends being in front; that the plaintiffs went upon the platform, the husband going across to the first car and descending its steps, while the wife started down the steps of the car in which they had been riding. While in these positions, the signal was given and the train began to move; the wife was warned not to get off, and turned to go back, but fell from the steps and was drawn under the train. The plaintiffs therefore contend that the train was at rest when they left their seats and went down the steps, and that the start was negligent, because they had not had a reasonable time to alight.

An attentive examination of the record has satisfied us that each of these positions is supported by direct and positive testimony, and that the case presents a simple question of fact, which has been settled by the verdict in favor of the plaintiffs. We must assume, therefore, that the plaintiffs were in the act of alighting and were rightfully on the platform of a train at rest, and from this point of view the questions sought to be raised by the company do not arise.

The judge's instructions were clear and adequate, and we find no error to correct.